## 18375

G. Edward HEAPE and E. H. Howe, Respondents, v. Martin L. SULLIVAN, Appellant

(143 S. E. (2d) 367)

*Merrs. Holland Smith,* of Hampton, and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondents,*

July 7, 1965.

*Per Curiam.*

The Order appealed from correctly disposes of the questions presented and is adopted as the Opinion of this Court.

The order of Judge Rhodes follows:

This action is for damages on account of personal injuries sustained by the plaintiff C. Edward Heape, in an automobile accident when the automobile which Heape was driving was struck by an automobile being operated by the defendant. It is alleged in the Complaint that the plaintiff E. H. Howe is the owner of a one one-hundredth interest in the cause of action for the personal injuries to G. Edward Heape by virtue of an assignment of such interest in the claim to her by G. Edward Heape.

The matter is before me upon motion of the defendant for an Order setting aside and vacating the assignment by the plaintiff G. Edward Heape of an undivided one one-hundredth part of this cause of action to E. H. Howe on the ground that the same is colorable and violative of State Law in that it is based on and arises out of fraud, sham and collusion as a part of a scheme solely designed to defeat the Defendant's constitutional and statutory right to remove this case from the Court of Common Pleas for Hampton County, South Carolina, to the United States Court on the ground of the diversity of citizenship between the plaintiff G. Edward Heape and the Defendant.

Counsel for the Defendant acknowledges that there is nothing wrong with the assignment from G. Edward Heape to E. H. Howe on its face. Counsel further acknowledges that to make such an assignment to defeat federal jurisdiction is not fraud. The present assignment is attacked however, on the ground that the Attorneys for the plaintiff in this action have obtained for other personal injury plaintiffs in the past similar assignments to E. H. Howe and on at least one occasion have obtained her appointment as Administratrix of an Estate all for the purpose of defeating Federal Court jurisdiction. Counsel for the Defendant makes reference to certain depositions taken in the Federal Court in this case to support such contention. It was further stated that these depositions tend to show that there was something

wrong with some of the prior assignments and transactions in the Estate in which E. H. Howe served as Administratrix.

It appears that these same objections to the assignment in this case were made by the Defendant in the United States District Court for the Eastern District of South Carolina to which the Defendant had this case removed. Upon motion to remand by the plaintiffs, the matters were decided adversely to the defendant by Order of District Judge Charles E. Simons, Jr. dated August 19th, 1964.

The South Carolina Supreme Court has recently upheld the validity of the assignment of an interest in a personal injury claim in the case of *Doremus v. Atlantic Coast Line R. R. Co.*, 242 S. C. 123, 130 S. E. (2d) 370.

It appears that the question before me was decided adversely to the defendant in the *Doremus* case and cases cited therein. The motion, therefore, should be denied and

It is so ordered.